UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIDE OLEO MEXICANA S.A. DE C.V.;
MARTIN PIŃA; FRANCISCO JANIRIO
MORALES,

                Plaintiffs,

-against-

CAPSTONE; CAPSTONE CAPITAL, LLC;
CAPSTONE CREDIT LLC; PRIDE OIL
AMERICANA; JOSEPH F. INGRASSIA;
DANIEL J. HAHN,

                Defendants.

1:21-CV-6743 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Martin Piña, of Chula Vista, California, appears *pro se* and asserts claims on behalf of Pride Oleo Mexicana S.A. de C.V. ("POM"). In addition to POM and himself, Plaintiff Piña names Francisco Janirio Morales, also of Chula Vista, California, as a plaintiff.[1] He asserts claims of "fraud, copyrights, patents, trademark falsified documentation of company property [sic]" under the Court's federal question jurisdiction. (ECF 2, at 2.) Plaintiff sues: (1) "Capstone"; (2) Capstone Capital Group, LLC; (3) Capstone Credit LLC; (4) Pride Oil Americana; (5) Joseph F. Ingrassia, of New York, New York; (6) Daniel J. Hahn, of Chicago, Illinois; (7) Robert Black of Chicago, Illinois; and (8) Drina Black of Chicago, Illinois.[2] He seeks a maximum of $12 million in damages.

---

[1] While Piña, POM, and Morales are all named as plaintiffs in the captions of the complaint and the *in forma pauperis* ("IFP") application, Piña is the only person to have signed the complaint and IFP application. Accordingly, the Court regards Piña as the sole plaintiff in this action and will refer to Piña as Plaintiff for the remainder of this order.

[2] Plaintiff does not state where Capstone; Capstone Capital Group, LLC; Capstone Credit LLC; and Pride Oil Americana are located.

By order dated September 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action without prejudice.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: On February 16, 2021, in New York, New York,

> Tortious interference, false and/or invalid UCC filings violations of the Lanham Act including but not limited to international impersonation of affiliation with another company (Pride) as well as copyright of logo causing confusion in order to deceive other persons and businesses as well as causing dilution by blurring and by tarnishment [sic] (iv) forgery (v) conversion and theft, among others. Conflict of interest, bribery, stol[e]n good[s] documents of propriet[a]ry classified company information to obtain money, loans, paying with check[s] without funds. Defamation. Obtaining a loan for 8.7 million USD to benefit themselves. Conflict of interest none validated documentation by . . . authorized government[t] person[nel] to authorize[] any l[e]gal binding contracts no money ever received by Pride Oleo Mexicana from any foreign entity.

(ECF 2, at 5-6.)

Plaintiff seeks a maximum of $12 million in damages for "financial[] distress, government contracts interference . . . , losing company oil contracts based on providing false . . . information to our corporation [and] government institution[s]." (*Id.* at 6.)

## DISCUSSION

### A.     Plaintiff cannot assert claims on behalf of others

Plaintiff's complaint does not allege any facts about Plaintiff himself or about Francisco Janirio Morales. Rather, it alleges facts that only relate to Pride Oleo Mexicana S.A. de C.V. ("POM"), an artificial entity, and the injuries that POM has allegedly suffered. The Court therefore understands Plaintiff's complaint as asserting claims solely on behalf of POM.

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assocs.*, 926 F.2d at 1308). "This rationale 'applies equally to all artificial entities.'" *Id.* (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)); *see also Rowland*, 506 U.S. at 202-03 (noting that all artificial entities, including corporations, partnerships, and associations may only appear in federal court through counsel).

Plaintiff does not allege that he is an attorney. Thus, he cannot assert any claims in this court on behalf of POM or, for that matter, on behalf of anyone else. Accordingly, because Plaintiff may only represent himself *pro se*, and because he raises claims not on his own behalf, but on behalf of POM, the Court dismisses this action without prejudice.

3

**B.     The Court denies Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action without prejudice.

Plaintiff Pińa has consented to electronic service of court documents. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 20, 2021
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge